THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL LOWE and JACOB DUFFEE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC., a Florida Corporation,<br><br>Defendant. | Case No.: 1:12-cv-02009<br><br>Hon. Judge Joan H. Lefkow<br><br>Hon Mag. Judge Young B. Kim |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO STRIKE "BONA FIDE ERROR" AFFIRMATIVE DEFENSE FOR FAILURE TO PLEAD WITH PARTICULARITY PURSUANT TO FED.R.CIV.P. 9(b)**

Defendant Diversified Consultants, Inc. ("DCI") files this objection requesting that the Court deny Plaintiffs' motion to strike Defendant's bona fide error affirmative defense for failure to plead with particularity or, in the alternative, that the Court grant Plaintiff's motion without prejudice, allowing Defendant to amend its Answer by supplementing this affirmative defense. The grounds upon which this objection is based are as follows:

1. Defendant filed its Answer to Plaintiffs' First Amended Complaint (the "Complaint") on or about June 28, 2012. The Complaint falsely alleged violations of the Telephone Consumer Protection Act ("TCPA"), and the Fair Debt Collection Practices Act ("FDCPA).

2. The Answer denied the allegations in the Complaint, and asserted several affirmative defenses, including the "bona fide error" defense, in connection with the FDCPA claim. The bona fide error defense provides that debt collectors can escape liability for FDCPA violations if they maintain procedures "reasonably adapted to avoid any such error."

3. On or about July 20, 2012, Plaintiffs filed the instant motion to strike the bona fide error defense for failure to plead it with particularity. Plaintiff incorrectly contends that the bona fide error defense is subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b), which deals with "fraud or mistake."

4. Specifically, Courts have held that a "heightened standard" for pleading affirmative defenses in general, and the bona fide error defense in particular," is "not necessary." Sewell v. Allied Interstate, Inc., 2011 WL 32209, *8 (E.D. Tenn. Jan. 5, 2011). "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff *fair notice of the nature of the offense.*" Id. (emphasis in original). "[T]he heightened pleading requirements of Twombly and Iqbal do not apply to defenses." Id.

5. Moreover, "courts have consistently disfavored motions to strike affirmative defenses." Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991). Generally, such motions will only be granted if the affirmative defenses are "patently defective and could not succeed under any circumstances." Mobley v. Kelly Kean Nissan, Inc., 864 F.Supp. 726, 732 (N.D.Ill. 1993). Here, Defendant meets the requirements for the bona fide error defense in that they maintain procedures reasonably adapted to avoid FDCPA violations, including comprehensive FDCPA compliance

training of all collectors, monitoring of calls by managers, and penalties for noncompliance.

6. For the above reasons, Plaintiff's motion should be denied. In the alternative, the motion should be granted without prejudice, affording Defendant an opportunity to amend its Answer and supplement its bona fide error affirmative defense.

**WHEREFORE**, Defendant Diversified Consultants, Inc., respectfully requests that the Court deny Plaintiffs' motion to strike the bona fide error affirmative defense or, in the alternative, grant the motion without prejudice so that Defendant can amend its Answer accordingly.

Dated: August 10, 2012

Respectfully submitted,

THE SALVO LAW FIRM, P.C.

By: _____
CINDY D. SALVO

165 Passaic Avenue, Suite 310
Fairfield, New Jersey 07004
(973) 233-4080
(973) 900-8800 (fax)

Attorneys for Defendant,
Diversified Consultants, Inc.
Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 10th day of August, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I hereby certify that a copy of this pleading will be facsimile transmission, electronic mail, and/or United States mail, properly addressed, and postage prepaid, to any non CM/ECF participants.

                                                                            CINDY D. SALVO