IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL LOWE and JACOB DUFFEE, on behalf of themselves and others similarly situated, ) ) ) ) | Case No. 1:12-cv-02009 |
| Plaintiffs, ) ) ) | |
| v. ) ) | |
| DIVERSIFIED CONSULTANTS, INC., a Florida corporation, ) ) ) | Hon. Judge Joan H. Lefkow Hon. Mag. Judge Young B. Kim |
| Defendant. ) | |

| | |
|---|---|
| MALINDA DE JESUS, on behalf of plaintiff and the class defined below, ) ) ) | Case No. 1:12-cv-02443 |
| Plaintiff, ) ) | |
| v. ) ) | |
| DIVERSIFIED CONSULTANTS, INC., ) ) | Hon. Judge Joan H. Lefkow Hon. Mag. Judge Young B. Kim |
| Defendant. ) | |

**REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO STRIKE "BONA FIDE ERROR" AFFIRMATIVE DEFENSE FOR FAILURE TO PLEAD WITH <u>PARTICULARITY PURSUANT TO FED. R. CIV. P. 9(b)</u>**

1. On August 10, 2012, Defendant Diversified Consultants, Inc. ("DCI") filed its objection to Plaintiffs Carl Lowe and Jacob Duffee's motion to strike its "bona fide error" affirmative defense under Section 1692k of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, offering two unsatisfactory arguments: (1) Defendant was not required to plead "bona fide error" under a heightened pleading standard; and (2) motions to strike affirmative defenses are generally disfavored. As discussed below, Plaintiffs' motion to strike DCI's second affirmative defense should be granted, where: (1) applicable law requires

"bona fide error" and other mistakes to be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b); and (2) courts have deemed striking this affirmative defense pleaded without adequate particularity to be appropriate.

2. The Seventh Circuit has held that "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982)). Thus, "[u]nder Rule 9(b) affirmative defenses involving fraud or mistake must state with 'particularity' the circumstances constituting the fraud or mistake." *N.S.D., Inc. v. United Parcel Serv., Inc.*, No. 91 C 20228, 1992 WL 75002, at *2 (N.D. Ill. Apr. 10, 1992). "Because the defense at issue deals with an alleged 'mistake'—a 'bona fide error' in the statutory parlance—Defendant is obligated to comply with both Fed.R.Civ.P. 8 and 9(b)." *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, No. 07 C 5338, 2008 WL 2061551, at *1 (N.D. Ill. May 14, 2008).[1]

3. DCI cites a single Eastern District of Tennessee opinion for the proposition that a "bona fide error" and other affirmative defenses are not subject to a heightened pleading requirement. (Def.'s Resp. ¶ 4) (quoting *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011

---

[1] Here, DCI's scant allegation that "liability for any … violations is barred by 15 U.S.C. § 1692k(c)" fails to plead <u>any</u> facts regarding the alleged error, its intent, or any procedures maintained that might have been reasonably adapted to avoid it, as required to adequately plead the alleged "bona fide error" with sufficient particularity under Fed. R. Civ. P. 9(b). *See U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) ("[P]articularity … 'means the who, what, when, where, and how: the first paragraph of any newspaper story.'") (citations omitted). It is entirely conclusory, and in that regard, likely even fails under the less rigorous pleading standard of Fed. R. Civ. P. 8. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("'[A]bstract recitations of the elements of a cause of action or conclusory legal statements' … do not add to the notice that Rule 8 demands.") (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). Defendant, therefore, failed to adequately plead a "bona fide error" affirmative defense pursuant to Fed. R. Civ. P. 9(b).

WL 32209, at *8 (E.D. Tenn. Jan. 5, 2011)). The *Sewell* decision cited by DCI is not binding on this Court, and it stands in complete contrariety of mandatory authority from the Seventh Circuit.

   4.  Defendant also argues that courts generally disfavor striking affirmative defenses, and that they should only be granted "if the affirmative defenses are patently defective and could not succeed under any circumstances." (Def.'s Resp. ¶ 5) (citations and quotations omitted). Regardless, courts have deemed striking the affirmative defense in the instant situation to be appropriate. *See, e.g., Konewko*, 2008 WL 2061151, at *1 ("Notwithstanding the 'disfavored' status of motions to strike and the 'liberal pleading standard' in Fed.R.Civ.P. 8, the Court concludes that the motion [to strike defendant's 'bona fide error' affirmative defense for failing to adequately plead] is well taken."). This Court, itself, has recognized that a motion to strike an affirmative defense may be appropriately granted where the party fails to adequately plead under Fed. R. Civ. P. 9. *See Ocean Atl. Dev. Corp. v. Willow Tree Farm L.L.C.*, No. 01 C 5014, 2002 WL 485387, at *2 (N.D. Ill. Mar. 29, 2002) (noting, as part of court's analysis of motion to strike affirmative defense, consideration of whether the affirmative defense "is appropriately pled under Rule 8(a) (short plain statement) or Rule 9 (fraud with particularity)") (Lefkow, J.) (citing *Bobbitt*, 532 F. Supp. at 737).

   5.  Finally, after Defendant alleged the "bona fide error" affirmative defense in its answer to the original complaint, Plaintiffs' counsel reached out to DCI's attorneys to request that Defendant re-plead its answer to, in keeping with Fed. R. Civ. P. 9(b), identify any "bona fide error" that may have occurred, if any. (See Burke E-Mail, attached hereto as Ex. 1.) Defendant failed to comply with this reasonable request. Further, not only did DCI merely re-plead the same unsatisfactory "bona fide error" defense, verbatim, in its answer to Plaintiffs' amended complaint, but Defendant has thus far failed to produce <u>any</u> discovery responsive to

this point, whatsoever.[3] Therefore, where Defendant has repeatedly failed to adequately plead a "bona fide error" with the particularity required by Fed. R. Civ. P. 9(b), and has failed to otherwise produce anything even remotely suggesting a legitimate basis for this affirmative defense, Plaintiffs believe that striking the "bona fide error" affirmative defense with prejudice is appropriate in this case.

WHEREFORE, Plaintiffs Carl Lowe and Jacob Duffee respectfully request that their motion to strike Defendant's Second Affirmative Defense, asserting a "bona fide error" under Section 1692k(c), be granted with prejudice pursuant to Fed. R. Civ. P. 12(f).

Dated:   August 28, 2012                            Respectfully submitted,

                                                                           CARL LOWE and JACOB DUFFEE,
                                                                           on behalf of themselves and others
                                                                           similarly situated


                                                                           By:    /s/ Daniel J. Marovitch
                                                                                 One of Plaintiffs' Attorneys

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com

---

[3] For example, in response to Plaintiffs' Interrogatory No. 8 (First Set) requesting that Defendant "[i]dentify [its] affirmative defenses in this case as to plaintiff and each class member, and all facts, documents, data testimony or other things that support them[,] … [c]it[ing] to bates numbers[,]" DCI provided a wholly unresponsive, conclusory statement that, "[i]n the event that a violation under the Fair Debt Collections Practices Act did occur, which DCI disputes, it was unintentional and occurred despite the maintenance of procedures reasonably adapted to avoid the type of violation alleged in the Complaint." (See First Set of Interrogatories and Requests for Production Discovery, redacted, attached hereto as Ex. 2.) To date, and despite being directly asked for "all documents that support or refute any affirmative defense…" in Plaintiffs' Request for Production No. 5 (First Set), DCI has produced nothing responsive to any request for production except a 2-page "Account History" associated with Plaintiff Lowe's number, itself indicating that Defendant had repeatedly called and left messages with Plaintiff's (312) number using the LiveVox predictive dialer service, even despite a noted request that the number be removed and repeated indications that it was a "[b]ad" or "[w]rong number[.]" (See Ex. 2, redacted and indicating repeated calls to three separate numbers associated with the particular account, including Plaintiff Lowe's.)

Daniel J. Marovitch
**MAROVITCH LAW FIRM, LLC**
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206
dmarovitch@marovitchlaw.com

Scott D. Owens (admitted *pro hac vice*)
**SCOTT D. OWENS, P.A.**
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

*Counsel for Plaintiffs Lowe and Duffee*

## **CERTIFICATE OF SERVICE**

      I, Daniel J. Marovitch, certify that on Tuesday, August 28, 2012, I caused Plaintiffs' foregoing ***Reply to Defendant's Objection to Plaintiffs' Motion to Strike "Bona Fide Error" Affirmative Defense for Failure to Plead with Particularity Pursuant to Fed. R. Civ. P. 9(b)*** to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                      /s/ Daniel J. Marovitch
                                    One of Plaintiffs' Attorneys