**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL LOWE, individually and on behalf of others similarly situated, | ) ) ) | Case No. 1:12-cv-02009 |
| Plaintiff, | ) ) ) | Judge Lefkow |
| v. | ) ) | Magistrate Judge Kim |
| DIVERSIFIED CONSULTANTS, INC., a Florida corporation, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S FIRST DISCOVERY REQUESTS

Plaintiff Carl Lowe ("plaintiff") hereby requests that defendant Diversified Consultants, Inc. ("you," "Diversified" or "defendant") respond to the following requests for admissions, interrogatories, and document requests. Documents should be copied and sent to plaintiff's counsel on the date the response is due.

Throughout this request:

1.       Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2007 to present.

2.       If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4. All requests are also directed to all parent, related, affiliate, and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5. The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in first-generation PDF format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. In any event, all text and data readability shall be preserved in all documents produced. Data for class members should be produced in SQL database format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6. "Predictive Dialer" as used herein means a telephone system that dials telephone numbers without human intervention. "Prerecorded Message" means any message during a telephone call that was (a) partially or completely recorded before the call was made, and (b) automatically relayed during a telephone call, without regard to whether such was performed to a live person, or on a person's voicemail, and regardless of whether you had a live operator available.

7. For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain

what components or responsive information or documents are missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1. Admit that you received the two letters attached as Exhibit 1 to the Complaint in 2011.

2. Admit that you received communications from plaintiff that he was not the party sought by you in your calls to (312) ▮▮▮▮▮▮.

3. Admit that during a call by you to (312) ▮▮▮▮▮, you received a communication that the recipient was the wrong person, whether by the dialing of a specified digit indicating as such, or otherwise.

4. Admit that no calls made by you to (312) ▮▮▮▮▮ were for emergency purposes.

5. Admit that you received communications from plaintiff to stop calling (312) ▮▮▮▮
▮▮▮.

6. Admit that you called (312) ▮▮▮▮▮ on at least one occasion.

7. Admit that you used a Predictive Dialer to call (312) ▮▮▮▮ on at least one occasion.

8. Admit that you used an Automated Message in a call to (312) ▮▮▮▮▮ on at least one occasion.

9. Admit that you called (312) ▮▮▮▮ more than twenty-five (25) times.

3

10. Admit that you used a Predictive Dialer to call (312) ▮▮▮ on more than twenty-five (25) occasions.

11. Admit that you used an Automated Message in a call to (312) ▮▮▮ on more than twenty-five (25) occasions.

12. Admit that you called (312) ▮▮▮ more than fifty (50) times.

13. Admit that you used a Predictive Dialer to call (312) ▮▮▮ on more than fifty (50) occasions.

14. Admit that you used an Automated Message in a call to (312) ▮▮▮ on more than fifty (50) occasions.

15. Admit that you called (312) ▮▮▮ more than seventy-five (75) times.

16. Admit that you used a Predictive Dialer to call (312) ▮▮▮ on more than seventy-five (75) occasions.

17. Admit that you used an Automated Message in a call to (312) ▮▮▮ on more than seventy-five (75) occasions.

18. Admit that you called (312) ▮▮▮ more than one hundred (100) times.

19. Admit that you used a Predictive Dialer to call (312) ▮▮▮ on more than one hundred (100) occasions.

20. Admit that you used an Automated Message in a call to (312) ▮▮▮ on more than one hundred (100) occasions.

21. Admit that you called (312) ▮▮▮ on March 23, 2011.

22. Admit that you called (312) ▮▮▮ on March 24, 2011.

23. Admit that you called (312) ▮▮▮ on March 29, 2011.

24. Admit that you called (312) ▮▮▮ on March 31, 2011.

25. Admit that you called (312) ▮▮▮ on April 1, 2011.

26. Admit that you called (312)⬛⬛⬛⬛ on May 20, 2011.

27. Admit that you called (312)⬛⬛⬛⬛ on May 23, 2011.

28. Admit that you called (312)⬛⬛⬛⬛ on June 30, 2011.

29. Admit that you called (312)⬛⬛⬛⬛ on July 18, 2011.

30. Admit that you called (312)⬛⬛⬛⬛ on January 31, 2012.

31. Admit that you called (312)⬛⬛⬛⬛ on February 3, 2012.

32. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on March 23, 2011.

33. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on March 24, 2011.

34. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on March 29, 2011.

35. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on March 31, 2011.

36. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on April 1, 2011.

37. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on May 20, 2011.

38. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on May 23, 2011.

39. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on June 30, 2011.

40. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on July 18, 2011.

41. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on January 31, 2012.

42. Admit that you used a Predictive Dialer to call (312)⬛⬛⬛ on February 3, 2012.

43.     Admit that you used an Automated Message in a call to (312)█████ on March 23, 2011.

44.     Admit that you used an Automated Message in a call to (312)█████ on March 24, 2011.

45.     Admit that you used an Automated Message in a call to (312)█████ on March 29, 2011.

46.     Admit that you used an Automated Message in a call to (312)█████ on March 31, 2011.

47.     Admit that you used an Automated Message in a call to (312)█████on May 20, 2011.

48.     Admit that you used an Automated Message in a call to (312)█████ on May 23, 2011.

49.     Admit that you used an Automated Message in a call to (312)█████ on June 30, 2011.

50.     Admit that you used an Automated Message in a call to (312)█████ on July 18, 2011.

51.     Admit that the January 4, 2008, FCC order regarding the TCPA permits persons to revoke consent to be called on their cellular telephone.

52.     Admit that the FCC's writings on the TCPA do not differentiate between oral and written revocation of consent.

53.     Admit that it is your contention that you have no duty to honor oral requests to cease calling customers.

54.     Admit that it is your contention that you do have a duty to honor written requests to cease calling customers.

6

55.     Admit that the TCPA permits consumers to be placed on the federal do-not-call

without writing in to the FTC.

## INTERROGATORIES

1.     Identify all attempted and successful communications (including but not limited

to telephone calls and requests that you stop calling) between you and any person or account

associated with phone number (312) ████████.

> Include the facts and circumstances of the communication, the number called, if any, the
> date and time of each (including calls or attempted calls), who or what dialed the number,
> the substance of each communication, all messages (prerecorded or live), all equipment
> and systems used, the telephone company(ies) that serviced the line for each call, the
> Predictive Dialer or other telephone equipment and software that was used, any
> unattended message used, if any, and from where the telephone number was obtained.

2.     Identify all policies, practices, and procedures regarding or relating to cease and

desist demands, and wrong person notifications.

> Please include, for example, policies, practices, and procedures regarding oral, written,
> and automated wrong person notifications or demands to stop calling, how your
> employees and computers make notations of a customer/person's demand that calls cease,
> indication that the wrong person had been called, and any other such policies, practices,
> and procedures. Be specific and cite to bates numbers.

3.     Identify each call to each of the following persons:

> persons with an Illinois, Indiana, or Wisconsin cellular telephone number who
> Defendant or some person on defendant's behalf called on their cell phone using
> an artificial or pre-recorded voice message or device with the capacity to dial
> numbers without human intervention, where defendant's records indicate that it
> called the person's number after a request to not be called or notification that it
> was calling the wrong person, where any such call was placed at any time on or
> subsequent to March 20, 2008.

> Note: If you contend that you are unable to provide a full response to this or any
> other request herein, please make the most complete response possible, and explain what
> the response includes and is missing.

> For purposes of this interrogatory, "identify" means to provide at least the
> following information: the number called, the person defendant was attempting to reach,
> the date and time of the calls, who or what dialed the telephone number, whether there
> was ever a human being on defendant's side of the telephone call, and what the outcome

of the call was (e.g. whether the call was answered, an automated or manual message left).

Please provide this information in a format that is accessible through Concordance software, for example, in tab delimited text files organized by account number. Plaintiff requests that the parties meet and confer before defendant produces this or any other aggregated data, to ensure that the most efficient and effective methods are being used.

4.      If you contend that you had the prior express consent of any person responsive to interrogatory 3, identify all facts, documents, data, testimony, and all other things that support this contention. Include citation to bates numbers. If you are not in possession, custody, or control of such, please provide as much information as possible, including location, custodian, and substance.

5.      Apply law to fact as to your contention for each person in interrogatory 4.

6.      Identify all possible sources of information and ESI that might bear on whether a person has demanded that you stop calling him or her, or notified you that he/she is the wrong person. Likely sources may be: account collection notes, computer records of persons who pressed "1" or another responsive digit on their telephone to notify you that you were calling the wrong person, copies or images of written requests, and recordings of telephone conversations.

7.      For each person responsive to interrogatory 3, 4, and 5, please explain how that person asked you to stop calling, and identify all documents and data that relate to such.

8.      Identify your affirmative defenses in this case as to plaintiff and each class member, and all facts, documents, data testimony or other things that support them. Cite to bates numbers.

9.      Identify all of your dialers, including those that are dialer services such as Livevox and Soundbite, if any. Include the make, model, physical location, how they are used, and whether they were used to call (312) ███████.

8

10. Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each. Please cite to bates numbers, include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented and ceased, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the timeframe set forth in the instructions for these requests. If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.

11. Identify all persons (including any third party) and departments involved with the use or implementation of your Predictive Dialer(s) or use of Prerecorded or artificial voice messages. A complete response would include, for example, your communications manager, dialer specialists, any supplier of Predictive Dialer software or hardware (e.g. Qwest or Aspect), any person that makes or made calls on your behalf during the class period (i.e. Soundbite or Livevox), your phone company, and any person that supplied voice message services. Include the name, work location, job title, job description and describe all Electronically Stored Information concerning that person, as to dialers and recorded messages, that exists.

12. Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to plaintiff and the class members, including requests to cease and desist. Include at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.

13. With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name,

9

address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents, records, data, transcripts, recordings, and other materials and things relating to plaintiff or telephone number (312) ████████.

2.      All documents relating to any policies, practices, or procedures concerning calling or attempting to call telephone numbers using a Predictive Dialer or Prerecorded Message. A full response would include but not be limited to manuals, memoranda, and emails.

3.      All documents relating to any policies, practices, or procedures concerning revocation of consent, notification that you have reached the wrong person, or demands that telephone calls stop.

4.      All documents that concern keeping track of what persons asked that you stop calling or notified you that you were calling the wrong number, or not keeping track of those requests.

5.      All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice message relating to each class member, including plaintiff.

10

6.     All documents, data, and other things relating to any person responsive to interrogatories 3, 4, 5, 6, and 7, including but not limited to identifying data, call records, artificial or prerecorded voice used and materials related to prior express consent.

7.     All documents, data, or other materials you reviewed or referenced in responding to any discovery request in this case.

8.     All documents that show policies, practices, or procedures for associating telephone numbers with allegedly delinquent customers.

9.     All manuals, memoranda, instructions, and other documents that discuss, describe, or set forth standards, criteria, guidelines, policies, or practices relating to the Telephone Consumer Protection Act as they relate to making calls using a Predictive Dialer and/or Prerecorded Message.

10.     A copy of any testimony relating to your dialers, or policies, practices, or procedures relating to the use of dialers.  A full response would include, for example, deposition testimony, declarations, and affidavits.

11.     A copy of any complaint (formal or informal), including all supporting and internal documentation and your response, that you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date.

12.     All documents from ACA International, American Banker's Association, Debt Buyer's Association or other trade publications, conferences, organizations, or publications of any kind, that concern the TCPA and/or making automated telephone calls to debtors, including but not limited to fastfax, internet items to which you or your attorney had access, flyers, publications, emails, audio files, and presentations.

11

13.     All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.

14.     All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

15.     All organizational charts of defendant showing personnel.

16.     All organizational charts of defendant showing ownership and/or corporate structure.

17.     All documents concerning or relating to any effort, ever, by you to determine a process, policy, or practice whereby you could determine whether a telephone number is or was a cellular telephone number.

18.     All documents concerning or relating to any effort, ever, by you to determine a process, policy, or practice whereby you could use your Predictive Dialer or Prerecorded Message, and still comply with the TCPA.

19.     All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

20.     All documents relating to the maintenance by defendant of policies, practices, or procedures adapted to avoid calling telephone numbers of persons who did not consent, or revoked consent, to be called on their cellular telephones.

21.     All documents (including those received from third parties) that relate to this case, without regard to time.  Responsive materials would include, for example, responses to subpoenas.

Dated:     April 27, 2012                                   /s/ Alexander H. Burke
                                                            One of Plaintiff's Attorneys

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com

Daniel J. Marovitch
**MAROVITCH LAW FIRM, LLC**
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206
dmarovitch@marovitchlaw.com

**Exhibit A**

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of

1

each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I. "TCPA" or "Telephone Consumer Protection Act" means the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, implementing regulations 47 C.F.R. 64.1200, and all valid FCC opinions interpreting such.

## Instructions

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Alexander H. Burke, certify that on April 27 ~30~, 2012, I served this document via United States mail to defendant's counsel at the addresses below, and via email to the email addresses below:

Cindy D. Salvo
John E. Brigandi
THE SALVO LAW FIRM, P.C.
165 Passaic Avenue, Suite 310
Fairfield, NJ 07004
csalvo@salvolawfirm.com
jbrigandi@salvolawfirm.com

Matthew P. Connelly
Gerald W. Napleton
ROCK FUSCO & CONNELLY, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60654
mpconnelly@rockfuscoconnelly.com
gnapleton@rockfuscoconnelly.com

/s/Alexander H. Burke

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------X

CARL LOWE, individually and on behalf of : 
others similarly situated,              :

                                  :   Civil Action No. 1:12-cv-2009

             Plaintiff,        :

v.                            :

                                  :   **DEFENDANT DIVERSIFIED**

DIVERSIFIED CONSULTANTS, INC., a  :   **CONSULTANTS INC.'S RESPONSES TO**
Florida Corporation,           :   **PLAINTIFF'S INTERROGATORIES**

                                  :

            Defendant.       :

                                  :

-----------------------------------------------------X

Defendant Diversified Consultants, Inc. ("DCI" or "Defendant"), by and through

its attorneys, The Salvo Law Firm, P.C., as and for its responses to Plaintiff's

Interrogatories hereby states as follows:

## GENERAL OBJECTIONS

In addition to the objections separately set forth in response to each Interrogatory,

Defendant's responses are provided subject to the following General Objections, to which

reference is hereby made with respect to each response, whether or not specifically

referred to herein. Each response herein is qualified by the General Objections and is

limited to matters not covered thereby.

DCI objects to those portions of the "General Instructions" which purport to

impose upon Defendant a burden of production beyond that required by the Federal Rules

of Civil Procedure ("FRCP"). Defendant objects to those portions of the Interrogatories

which improperly seek the disclosure of information that is neither material, necessary,

nor relevant to the subject matter of this action, nor designed to lead to the discovery of admissible evidence.

DCI objects to those portions of the Interrogatories that seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege or doctrine.

DCI objects to those portions of the Interrogatories which improperly seek the disclosure of the substance of materials prepared in anticipation of litigation and/or trial preparation materials, without a showing that Rule 26 of the FRCP so requires.

DCI objects to those portions of the Interrogatories that seek the identification of "all relevant facts" and "all documents" as these Interrogatories are overbroad and lack reasonable particularity in that they encompass so much information and/or so many possible documents that Defendant is unable to fully respond. In responding to the Interrogatories, Defendant does not concede that any of the information provided is relevant or material to the subject matter of this litigation or admissible into evidence. DCI reserves all objections to the admissibility into evidence at any hearing or trial of the information provided herein. DCI reserves the right to supplement and/or revise these Responses as necessary.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.      Defendant objects to Interrogatory No. 1 on the grounds that it is overly broad and seeks information that is not relevant and not likely to lead to the discovery of relevant evidence. Subject to the foregoing general and specific objections, DCI responds to Interrogatory No. 1 by stating, see DCI's account notes.

2

2.      Defendant objects to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome.  Subject to the foregoing general and specific objections, DCI responds to Interrogatory No. 2 by stating, upon receiving a cease and desist demand DCI enters a notation on the debtor's file.  The debtor's number is then removed from the account, and a hold is placed on the account.  DCI does not attempt to contact the debtor again following a cease and desist demand.

3.      Defendant objects to Interrogatory No. 3 on the grounds that it is premature at this time, as the class has not been certified.

4.      Defendant objects to Interrogatory No. 4 on the grounds that it is premature at this time, as the class has not been certified.

5.      Defendant objects to Interrogatory No 5. on the grounds that it is premature at this time, as the class has not been certified.  Defendant further objects on the grounds that the phrase "Apply law to fact as to your contention" is vague and ambiguous.

6.      Defendant objects to Interrogatory No. 6 on the grounds that it is overly broad and seeks information that is not relevant and not likely to lead to the discovery of relevant evidence.  Subject to the foregoing general and specific objections, DCI responds to Interrogatory No. 6 by stating, DCI's account notes, audio recordings of telephone calls between DCI and consumers and correspondence between DCI and consumers.

7.      Defendant objects to Interrogatory No 7. on the grounds that it is premature at this time, as the class has not been certified.

8.      Defendant objects to Interrogatory No 8. on the grounds that it is premature at this time, as the class has not been certified.  Subject to the foregoing general and specific

3

objections, DCI responds to Interrogatory No. 8 by stating, Defendant denies all allegations contained in Plaintiff's Complaint. In the event that a violation under the Fair Debt Collections Practices Act did occur, which DCI disputes, it was unintentional and occurred despite the maintenance of procedures reasonably adapted to avoid the type of violation alleged in the Complaint.

Further, DCI denies the class is capable of being certified.

9.      Defendant objects to Interrogatory No. 9 on the grounds that it is overly broad and seeks information that is not relevant and not likely to lead to the discovery of relevant evidence. Subject to the foregoing general and specific objections, DCI utilizes the dialer service, LiveVox to contact debtors.

10.     Defendant objects to Interrogatory No. 10 on the grounds that it is overly broad and seeks information that is not relevant and not likely to lead to the discovery of relevant evidence as it requests information not narrowly tailored to the allegations set forth in Plaintiff's Complaint and requests information outside the time period alleged in the Complaint.

11.     Subject to the foregoing objections, Defendant responds by stating it does not use a Predictive Dialer or Prerecorded or artificial voice messages.

12.     Defendant objects to Interrogatory No 12. on the grounds that it is premature at this time, as the class has not been certified. Subject to the foregoing general and specific objections, DCI responds to Interrogatory No. 8 by stating, Plaintiff's account notes, audio recordings of telephone calls between Plaintiff and DCI, and correspondence between DCI and Plaintiff.

4

13.    Defendant responds to Interrogatory No. 13 by stating, DCI has not retained an

expert at this time.  Defendant reserves the right to supplement this response upon

retaining an expert.


Dated:  June 22, 2012


                                        THE SALVO LAW FIRM, P.C.
                                        Attorneys for Defendant
                                        DIVERSIFIED CONSULTANTS, INC.

                                        By:_____
                                              Cindy D. Salvo (CS-8533)

                                        165 Passaic Avenue, Suite 310
                                        Fairfield, New Jersey  07004
                                        (973) 233-4080

**Account History**

| Our Account ID: | ▮ | Status: | RCL | | | | Report Date |
|---|---|---|---|---|---|---|---|
| Customer: | ▮ | T-MOBILE (CHI) DCIP | | | | | 3/22/2012 9:25AM |
| Account Number: | ▮ | | | | | | |

| Received: | 3/10/2011 | Closed: | 11/30/2011 | Returned: | 11/30/2011 |
|---|---|---|---|---|---|

| Original Balance | $1,605.43 | Interest Rate: | 0.00 |
|---|---|---|---|
| Amount Paid: | $0.00 | Last Int Date: | 3/10/2011 |
| Current Balance: | $1,605.43 | | |

**Debtors**

| Name | GONZALEZ, VANESSA | | SSN | ▮ | DOB | ▮ |
|---|---|---|---|---|---|---|
| OtherName | | | HomePhone | ▮ | | |
| Street1 | ▮ | | WorkPhone | ▮ | | |
| Street2 | ▮ | | | | | |
| CSZ | ▮ | | | | | |

**Payments**

| Date | Type | Matched | Check No | Invoiced | Amount | Comment |
|---|---|---|---|---|---|---|
| | | | | | | |

**Notes**

| Date and Time | | User | Action | Result | Comment |
|---|---|---|---|---|---|
| 3/10/2011 | 10:04AM | TMobile | +++++ | +++++ | ▮ - No Dese - P |
| 3/10/2011 | 1:39PM | FUSION | SEND | SEND | TransUnion TFC Service data ordered on 03/10/2011. Current Balance = 1605.43 |
| 3/10/2011 | 4:31PM | FUSION | REC | REC | TransUnion TFC Service returned. |
| 3/11/2011 | 9:46AM | Newbiz | DESK | CHNG | Desk Changed from NBIZ to C024 |
| 3/11/2011 | 12:38PM | TRIP | LETTR | REQST | Dunning letter 00100: AB1 First Demand requested |
| 3/11/2011 | 2:31PM | C024 | TR | NA | No Answer \| Debtor(1) \| (773)▮ |
| 3/11/2011 | 2:32PM | C024 | TO | NA | No Answer \| Debtor(1) \| (312)▮ - |
| 3/11/2011 | 2:32PM | C024 | +++++ | +++++ | Followup Set For \| 3/25/2011, Anytime |
| 3/23/2011 | 1:34PM | Livevox | TR | AM | #773▮ #:AM:AM:Answering machine detected, msg left:H0:2011-03-23 13:34:00:000: |
| 3/23/2011 | 1:36PM | Livevox | TO | AM | #312▮ #:AM:AM:Answering machine detected, msg left:O0:2011-03-23 13:36:00:000: |
| 3/24/2011 | 10:25AM | Livevox | TR | AM | #773▮ #:AM:AM:Answering machine detected, msg left:H0:2011-03-24 10:25:00:000: |
| 3/24/2011 | 10:27AM | Livevox | TO | DP | #312▮ #:DP:DP:Call dropped:O0:2011-03-24 10:27:00:000: |
| 3/25/2011 | 9:04AM | Livevox | TR | AM | #773▮ #:AM:AM:Answering machine detected, msg left:H0:2011-03-25 09:04:00:000: |
| 3/25/2011 | 9:06AM | Livevox | TO | AM | #312▮ #:AM:AM:Answering machine detected, msg left:O0:2011-03-25 09:06:00:000: |
| 3/29/2011 | 9:05AM | Livevox | TR | AM | #773▮ #:AM:AM:Answering machine detected, msg left:H0:2011-03-29 09:05:00:000: |
| 3/29/2011 | 9:07AM | Livevox | TO | LM | #312▮ #:LM:LM:Left message:O0:2011-03-29 09:07:00:000: |
| 3/30/2011 | 9:24AM | Livevox | TO | AM | #312▮ #:AM:AM:Answering machine detected, msg left:O0:2011-03-30 09:24:00:000: |
| 3/30/2011 | 9:27AM | Livevox | TR | AM | #773▮ #:AM:AM:Answering machine detected, msg left:H0:2011-03-30 09:27:00:000: |
| 3/31/2011 | 9:06AM | Livevox | TO | LM | #312▮ #:LM:LM:Left message:O0:2011-03-31 09:06:00:000: |
| 4/1/2011 | 3:13PM | Livevox | TR | AM | #773▮ #:AM:AM:Answering machine detected, msg left:H0:2011-04-01 15:13:00:000: |
| 4/1/2011 | 3:14PM | C386 | TO | WN | Bad Number \| Debtor(1) \| (312)▮ |
| 4/1/2011 | 3:14PM | C386 | +++++ | +++++ | T1 Phone (312)▮ status changed from Unknown to Bad |
| 4/1/2011 | 3:16PM | Livevox | TO | WN | #312▮ #:WN:WN:Wrong number:O0:2011-04-01 15:16:00:000: |
| 4/4/2011 | 9:21AM | Livevox | TR | AM | #773▮ #:AM:AM:Answering machine detected, msg left:H0:2011-04-04 09:21:00:000: |

Latitude By Global Software Services, Inc

**History of Account** ▓▓▓▓ (Continued)

| Date | Time | User | Code | Code2 | Description |
|---|---|---|---|---|---|
| 4/4/2011 | 9:21AM | Livevox | TR | AM | #773▓▓#:AM:AM:Answering machine detected, msg left:H0:2011-04-04 09:21:00:000: |
| 4/4/2011 | 2:39PM | CATHY | TR | WN | Bad Number \| Debtor(1) \| (773) |
| 4/4/2011 | 2:39PM | CATHY | +++++ | +++++ | Home Phone (773)▓▓ status changed from Unknown to Bad |
| 4/4/2011 | 2:43PM | CATHY | RV | RV | REMOVED THE NUMBER TO UNKNOWN PERSON WHO DEMANDS NOT THE DTR AND DO NOT CALL AGIN. |
| 4/4/2011 | 7:31PM | Livevox | TR | AM | #773▓▓#:AM:AM:Answering machine detected, msg left:H0:2011-04-04 19:31:00:000: |
| 4/4/2011 | 7:31PM | Livevox | TR | AM | #773▓▓#:AM:AM:Answering machine detected, msg left:H0:2011-04-04 19:31:00:000: |
| 4/4/2011 | 8:05PM | Livevox | TR | LM | #773▓▓#:LM:LM:Left message:H0:2011-04-04 20:05:00:000: |
| 4/4/2011 | 8:05PM | Livevox | TR | LM | #773▓▓#:LM:LM:Left message:H0:2011-04-04 20:05:00:000: |
| 5/3/2011 | 8:27AM | MIKEA | DESK | CHNG | Desk Changed from C024 to DIAL13 |
| 5/13/2011 | 1:55PM | JAM | DESK | CHNG | Desk Changed from DIAL13 to DIAL7 |
| 5/16/2011 | 9:02AM | FUSION | SEND | SEND | Innovis RPC Service data ordered on 05/16/2011. Current Balance = 1605.43 |
| 5/16/2011 | 4:03PM | FUSION | REC | REC | Innovis RPC Service returned. |
| 5/19/2011 | 2:45PM | C246 | TP | WN | Bad Number \| Debtor(1) \| (773) |
| 5/19/2011 | 2:45PM | C246 | +++++ | +++++ | Cell Phone (773)▓▓ status changed from Unknown to Bad |
| 5/19/2011 | 2:45PM | C246 | TP | NA | No Answer \| Debtor(1) \| (312)▓▓ |
| 5/19/2011 | 2:46PM | C246 | TP | WN | Bad Number \| Debtor(1) \| (517)▓▓ |
| 5/19/2011 | 2:46PM | C246 | +++++ | +++++ | Cell Phone (517)▓▓ status changed from Unknown to Bad |
| 5/19/2011 | 2:46PM | C246 | +++++ | +++++ | Cell Phone (312)▓▓ changed to Home |
| 5/20/2011 | 9:20AM | Livevox | TR | HU | #312▓▓#:HU:HU:Debtor hung up:H0:2011-05-20 09:20:00:000: |
| 5/20/2011 | 10:49AM | Livevox | TR | NI | #312▓▓#:NI:NI:Debtor not in:H0:2011-05-20 10:49:00:000: |
| 5/23/2011 | 11:05AM | Livevox | TR | HU | #312▓▓#:HU:HU:Debtor hung up:H0:2011-05-23 11:05:00:000: |
| 5/23/2011 | 2:44PM | C131 | TR | LM | Left Message \| Debtor(1) \| (312)▓▓ |
| 5/23/2011 | 2:44PM | C131 | TR | WN | Bad Number \| Debtor(1) \| (312)▓▓ |
| 5/23/2011 | 2:44PM | C131 | +++++ | +++++ | Home Phone (312)▓▓ status changed from Unknown to Bad |
| 5/23/2011 | 2:44PM | C131 | +++++ | +++++ | Status Changed \| ACT \| SKP |
| 5/23/2011 | 2:47PM | Livevox | TR | WN | #312▓▓#:WN:WN:Wrong number:H0:2011-05-23 14:47:00:000: |
| 5/24/2011 | 2:38PM | CATHY | RV | RV | RECVD A LTR FROM UNIDED PERSON STATING NO MORE CALLS TO THERE NUMBER NOT THE DTR. NUMBERS HAVE ALL BEN REMOVED. |
| 6/8/2011 | 5:49PM | SYSTEM | crupd | open | Open collection account submitted in credit bureau report file. |
| 6/23/2011 | 7:03PM | SYSTEM | crupd | open | Open collection account submitted in credit bureau report file. |
| 7/25/2011 | 10:07AM | SYSTEM | crupd | open | Open collection account submitted in credit bureau report file. |
| 8/17/2011 | 11:00AM | SYSTEM | crupd | open | Open collection account submitted in credit bureau report file. |
| 9/2/2011 | 3:18PM | JAM | DESK | CHNG | Desk Changed from DIAL7 to DIAL5 |
| 9/11/2011 | 10:25PM | JAM | +++++ | +++++ | Status Changed \| SKP \| ACT |
| 10/10/2011 | 6:49PM | SYSTEM | crupd | delete | Account deletion submitted in credit bureau report file. |
| 11/1/2011 | 4:23PM | JAM | DESK | CHNG | Desk Changed from DIAL5 to DIAL16 |
| 11/6/2011 | 2:12PM | TMobile | +++++ | +++++ | ▓▓ - Ready for Sale - 61 |
| 11/23/2011 | 8:02AM | TMobile | +++++ | +++++ | ▓▓ - Prep for Sale - 57 |
| 11/23/2011 | 8:02AM | TMobile | +++++ | +++++ | ▓▓ - Prep for Sale - 57 |
| 11/30/2011 | 1:25PM | TMobile | +++++ | +++++ | TMO RCL -RECALL - UNKNOWN - 11/29/2011 12:00:00 AM |
| 11/30/2011 | 1:26PM | Exchange | STATUS | CHNG | Old Status:ACT New Status: RCL |

**Letter History**

| Date Requested | Requested By | Date Processed | Letter Code | Description |
|---|---|---|---|---|
| 3/11/2011 | TRIP | 3/11/2011 | 00100 | AB1 First Demand |

Latitude By Global Software Services, Inc