# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2009 | **DATE** | 8/30/2012 |
| **CASE TITLE** | Lowe et al. vs. Diversified Consultants, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiffs Jacob Duffee and Carl Lowe's motion to strike answer to amended complaint as it relates to defendant's second affirmative defense (#22) is granted without prejudice. Defendant is given leave to file an amended answer that complies with Federal Rule of Civil Procedure 9(b) by 9/7/2012. See statement section of this order for details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs' first amended complaint alleges, on behalf of plaintiffs and a class, violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277 (Count I), and, by plaintiff Lowe individually, violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* (Count II). (Dkt. #17.) Defendant's second affirmative defense applies to Count II and states that liability for any such violations is barred by 15 U.S.C. § 1692k(c). (Dkt. #18.) This section states,

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). To qualify for the bona fide error defense, defendant must show that (1) the presumed FDCPA violation was not intentional; (2) the presumed FDCPA violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid any such error. *Kort* v. *Diversified Collection Servs.*, 394 F.3d 530, 537 (7th Cir. 2005); *see also id.* at 538 (stating that a bona fide error is a "genuine mistake").

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin., Inc.* v. *Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 9(b) requires allegations of fraud or mistake to be pleaded with particularity. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), defendant must plead the circumstances of the mistake with detail, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo* v. *Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Defendant's second affirmative defense does not comply with Rule 9(b). Plaintiffs' motion to strike is granted without prejudice to allow defendant to re-plead this defense by September 7, 2012. In the interim, defendant must supplement its discovery responses to include information

**STATEMENT**

related to this defense.