UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------X
CARL LOWE, and JACOB DUFFEE, on
behalf of themselves and others similarly
situated,

                Plaintiff,

-against-

DIVERSIFIED CONSULTANTS, INC., a
Florida Corporation,

                Defendant.
------------------------------------------------X

Civil Action No. : 1:12-cv-2009

**SECOND AMENDED ANSWER TO AMENDED COMPLAINT**

Defendant Diversified Consultants, Inc. ("Defendant"), by and through its attorneys, as and for its Answer to the Complaint of Plaintiffs Carl Lowe and Jacob Duffee (collectively, "Plaintiffs"), hereby states as follows:

**CLASS ACTION COMPLAINT**

1. Defendant admits that Plaintiffs purport to bring a Complaint for violations of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"), but denies that they have a valid basis for doing so, and denies all allegations set forth in paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. The allegations in paragraph 3 state a legal conclusion to which no response from the Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 state a legal conclusion to which no response from the Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 4 of the Complaint.

## PARTIES

5. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits that it is a company located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, engaged in the business of collecting debts. Defendant further admits it is licensed with the Illinois Department of Financial and Professional Regulation.

## FACTS

8. Defendant admits that it is a company engaged in the business of collecting debts

9. Defendant admits that it is a company engaged in the business of collecting debts, and in doing so, uses the telephone to collect some of those debts. Defendant denies all remaining allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

## FACTS RELATING TO PLAINTIFF LOWE

14. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

## FACTS RELATING TO PLAINTIFF DUFFEE

30. Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35. Defendant admits the allegations set forth in paragraph 35 of the Complaint.

36. The allegations set forth in paragraph 36 state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

## COUNT I
## VIOLATIONS OF THE TCPA, 47 U.S.C. §227
### On Behalf of Plaintiffs and the Class

39. Defendant repeats and realleges its responses to the preceding paragraphs as if set forth at length herein.

40. The allegations set forth in paragraph 40 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant responds by stating the TCPA speaks for itself.

41. The allegations set forth in paragraph 41 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint.

## CLASS ALLEGATIONS

52. Defendant admits that Plaintiffs purport to bring a Complaint on behalf of a class but denies that they have a valid basis for doing so or that the class described therein can be properly certified, and further denies all allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in paragraph 55 of the Complaint, and all of its subparts.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint.

## COUNT II
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§1692 et seq.
### On Behalf of Plaintiff, Individually

62. Defendant repeats and realleges its responses to the preceding paragraphs as if set forth at length herein.

63. The allegations set forth in paragraph 63 state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant responds by stating the FDCPA speaks for itself.

64. The allegations set forth in paragraph 64 state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant responds by stating the FDCPA speaks for itself.

65. The allegations set forth in paragraph 65 state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 65 except admits that is a company engaged in the business of collecting debt and is licensed with the Illinois Department of Financial and Professional Regulation.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth in paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74. Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth in paragraph 77 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant has no civil liability under the FDCPA, as any violation was unintentional and resulted from a bona fide error despite the maintenance of procedures reasonably adopted to avoid the alleged FDCPA violation(s) at issue here. Here, DCI used state-of-the-art telephone equipment to remove Mr. Lowe's telephone number of 312-662-3388 from its system on or about April 1, 2011 once they learned it was a "wrong number" for debtor Vanessa Gonzalez. They designated it a so-called "bad" number. This designation would ordinarily prevent any collector from calling that telephone number again. However, the equipment appears to have malfunctioned and removed the "bad" designation on its own - thus allowing collectors to call the number again on or about May 19, 2011, and for several days thereafter. On or about May 23, 2011, a collector changed the designation of the telephone number to "bad" once again, and the calls to that number immediately ceased.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by applicable Statutes of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not breach any legal duty to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because individual questions of law predominant over any issues common to the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because this case involves disparate issues that would not be manageable in a class action.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE,** Defendant Diversified Consultants, Inc. demands judgment in its favor and against Plaintiffs, dismissing the Complaint with prejudice and awarding Defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: September 11, 2012

        THE SALVO LAW FIRM, P.C.

        By:/s/ Cindy D. Salvo
        CINDY D. SALVO

165 Passaic Avenue, Suite 310
Fairfield, New Jersey  07004
(973) 233-4080
(973) 900-8800 (fax)

*Pro hac vice* Attorneys for Defendant,
Diversified Consultants, Inc.