UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

----------------------------------------------------------X
CARL LOWE, JACOB DUFFEE, and :
MALINDA DEJESUS, on behalf of :
themselves and others similarly situated, : Civil Action No. : 1:12-cv-2009
 :
                        Plaintiff, :
-against- :
 :
DIVERSIFIED CONSULTANTS, INC., a :
Florida Corporation, :
 :
                        Defendant. :
----------------------------------------------------------X

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL
EXHIBIT IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Defendant Diversified Consultants, Inc. ("Defendant" or "DCI"), by and through its *pro hac vice* attorneys, submits the following Opposition to Plaintiffs' Supplemental Exhibit in Support of Plaintiffs' Motion to Compel Discovery.

**I.    INTRODUCTION**

Plaintiffs seek to supplement their Motion to Compel Discovery with the Affidavit of Michael C. Lelaris (the "Lelaris Affidavit" or the "Affidavit"), the CFO of LiveVox, Inc. Plaintiffs allege this Affidavit lends support to their contention that the LiveVox telephone system used by DCI ("LiveVox") is an Automatic Telephone Dialing System ("ATDS"), pursuant to the Telephone Consumer Protection Act ("TCPA"). The Affidavit, however, does not address the issue as to whether LiveVox has the capacity to operate as a random or sequential number generator. That key question is directly

addressed, however, in a memo which was provided to DCI prior to its choosing LiveVox as its dialer (the "Memo"). In the Memo, attached as Exhibit A to the Declaration of Mavis Pye ("Pye Decl."), LiveVox, Inc. clearly confirms that its dialer "does not have the capacity to store or produce numbers to be called using a random or sequential number generator." That being the case, LiveVox is not an ATDS pursuant to the TCPA.

Plaintiffs' Motion to Compel Discovery should, thus, be denied to the extent that it seeks discovery related to the TCPA and class certification issues, as Plaintiffs do not have a valid TCPA claim.

## II. LEGAL ARGUMENT

### A. LiveVox Is Not An ATDS Pursuant To The TCPA

Plaintiffs' TCPA claim is dependent upon their burden to prove that LiveVox is an ATDS pursuant to the TCPA. Section 227(a)(1)(A) of the TCPA defines an ATDS to be one which has "the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. §227(a)(1)(A).

In fact, LiveVox is not an ATDS, as it does not have the capacity to produce or store telephone numbers using a random or sequential number generator. DCI is required, on a daily basis, to build campaigns of telephone numbers to be dialed by DCI. See Declaration of Jaime Sullivan ("Sullivan Decl.") These telephone numbers are specific numbers obtained from DCI's clients and/or through DCI's skip tracing efforts, and are not produced by LiveVox. Nor are the numbers called "randomly" or "sequentially."

Further, LiveVox does not have the capacity to store the numbers input by DCI. Every night, all numbers are automatically deleted off the LiveVox system and are made

unavailable. DCI's employees must then rebuild campaigns of telephone numbers to reflect any changes on the individual accounts, and upload them to LiveVox's system the next day.

### B. The Leraris Affidavit Does Not Support Plaintiffs' Contention That LiveVox Is An ATDS Pursuant To The TCPA

The Leraris Affidavit was created by LiveVox in an attempt to avoid being deposed in another lawsuit against Defendant -- Mary Reid v. Diversified Consultants, Inc. (the "Reid Litigation"). The Affidavit was provided to Defendant's counsel in the Reid Litigation (the same counsel as in the instant action) on or about February 14, 2013.[1]

Plaintiffs have submitted the Leraris Affidavit in purported support of their contention that LiveVox is an ATDS under the TCPA. However, the Affidavit does not address what is the key question in determining if a dialer is an ATDS; that is, if it is capable of producing and storing telephone numbers as a random or sequential number generator. See e.g. Nelson v. Santander Consumer USA, Inc., 2013 WL 1141009 (W.D. Wisc. Mar. 8, 2013) (the key inquiry as to whether a dialer is an Automatic Telephone Dialing System pursuant to the TCPA is not whether it stores, produces or calls randomly or sequentially generated numbers, but whether it has "the capacity to do it").

---

[1] Plaintiff's counsel implies that Defendant deliberately, and wrongfully, withheld the Leraris Affidavit despite the fact that it was purportedly responsive to Plaintiff's Document Demand No. 10 (which asked for a "copy of any testimony relating to your dialers,") However, in its Response to Plaintiff's Document Demand No. 10 (the "Response"), Defendant objected on the ground of relevance, and did not produce any documents in connection therewith. Therefore, Defendant was under no obligation to produce the Leraris Affidavit to Plaintiffs in this matter. Any suggestion that Defendant has acted improperly in this litigation is false and misleading.

On the other hand, the Memo, which was given to DCI prior to its choosing LiveVox as its telephone vendor, and which is attached as Exhibit A to the Pye Decl., provides as follows:

> A key question [concerning whether LiveVox is an Automatic Telephone Dialing System under the TCPA] is whether LiveVox's platform has the *capacity* to perform the functions indicated [in the TCPA]. In our view, it does not. Our view is that the LiveVox Application Service, while able to store or produce telephone numbers to be called, does not have the capacity to store or produce numbers to be called *using a random or sequential number generator*. We note that our view is not unanimously held, with one court ruling that LiveVox's Application Service is indeed an ATDS that is subject to the TCPA. We believe that ruling to be incorrect, and based on insufficient briefing in which LiveVox did not participate.
>
> (emphasis in original).
>
> See Exhibit A to the Declaration of Mavis Pye ("Pye Declaration"), ¶ .

The Memo, thus, makes clear LiveVox's position that its dialer system does *not* have the capacity to produce or store numbers using a random or sequential number generator, and that it, therefore, is not an Automatic Telephone Dialing System pursuant to the TCPA.

4

### III. CONCLUSION

Because LiveVox is not an Automatic Telephone Dialer as contemplated by the TCPA, Plaintiff's Motion to Compel Discovery should be denied to the extent it seeks discovery related to the TCPA and class certification issues.

Dated: April 12, 2013

THE SALVO LAW FIRM, PC

By: s/ Cindy D. Salvo
    CINDY D. SALVO

185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
(973) 226-2220
(973) 900-8800 (fax)

Attorneys *(pro hac vice)* for
Defendant
Diversified Consultants, Inc.